## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FUNDACION SEGARRA-BOERMAN E
HIJOS, INC., ET AL,

     **Plaintiffs,**

     **v.**

     Civ. No. 20-1590 (ADC)

JOSE RAMON QUINONES-COLL.

     **Defendants.**

## OPINION AND ORDER

Pending before the Court is Fundación Segarra-Boerman e Hijos, Inc. and Mildred A. Segarra-Boerman's ("plaintiffs") motion to withdraw the reference at **ECF Nos. 1-3, 3**. José Ramón Quiñones-Coll ("defendant") filed an objection to the withdrawal of the reference at **ECF No. 5**.

For the following reasons, the motion to withdraw the reference at **ECF Nos. 1-3, 3** is **DENIED**.

## I.    Procedural Background

Plaintiffs filed an amended complaint in this District against defendant and others, *Fundación Segarra-Boerman e Hijos Inc., et al v. Martínez-Álvarez*, Civil No. 16-2914 (DRD), asserting claims for violations of federal Racketeer influence and Corrupt Organization Act, 18 U.S.C. §§ 1961-1968 *et seq*. ("RICO") and Lanham Act, 15 U.S.C. § 1125(a) ("Lanham Act"), and supplemental claims under state law. **ECF No. 1-4**. The presiding Judge, Honorable D.

Domínguez, entered an Opinion and Order dismissing several of the claims, including plaintiffs' fifth cause of action under RICO and a breach of contract claim asserted in plaintiffs' tenth cause of action. *See* **Civil No. 16-2914 (DRD) ECF No. 188.** The Civil Action was subsequently set for trial. *See* **ECF No. 1-3** at 7.

On June 26, 2020, defendant filed a voluntary petition for Bankruptcy relief under Chapter 13 of the Bankruptcy Code (the "petition" or "Bankruptcy") *In re: José Ramón Quiñones-Coll,* **Bankruptcy Case No. 20-2462 (MCF)**. On July 1, 2020, defendant filed an informative motion regarding the automatic stay under 11 U.S.C. § 362(a) in the Civil Action. **Civil No. 16-2914 (DRD) ECF No. 361.**

Plaintiffs filed a motion for withdrawal of the reference and for lift of the automatic stay in defendant's bankruptcy case. However, the Bankruptcy Court denied without prejudice plaintiffs' motion. **ECF No. 1-3**. Plaintiffs subsequently filed yet another motion for withdrawal of the reference eliminating the request for a lift of the automatic stay. *Id*. Nonetheless, plaintiffs explicitly reserved their rights to renew before the Bankruptcy Court their request for lift of the automatic stay if this Court were to deny their motion for withdrawal of reference. *Id*. at n.1.

In their motion for withdrawal of reference plaintiffs move this Court to withdraw the reference from the Bankruptcy Court "of all matters related to consideration, determination and adjudication of [plaintiff]'s claims" against defendant pursuant to 28 U.S.C. § 157. **ECF No. 1-3** at 1.

## II.    Legal Standard

### A.    Withdrawal of Reference

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, district courts have original jurisdiction over bankruptcy cases and related proceedings. 28 U.S.C. §§ 1334(a), (b). However, "[e]ach district court may provide that any or all" bankruptcy cases and related proceedings 'shall be referred to the bankruptcy judges for the district.'" *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015). "In this district, all cases under Title 11 have been referred to the bankruptcy court for the District of Puerto Rico." *Wiscovitch-Rentas v. Glaxosmithkline Puerto Rico, Inc.*, 539 B.R. 1, 2 (D.P.R. 2015). "'The district court may withdraw' a reference to the bankruptcy court 'on its own motion or on timely motion of any party, for cause shown.'" *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. at 670. Specifically, under 28 U.S.C. § 157(d),

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section (to the bankruptcy court) on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

As to the permissive withdrawal, "[t]his District has adopted the Fourth Circuit approach to determining whether permissive withdrawal should ensue. That is, in making this determination the district court should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Alfonseca–Báez*, 376

B.R. at 75 (citing *In re Orion Pictures Corporation*, 4 F.3d 1095, 1101 (2nd Cir.1993) cert. dismissed, 511 U.S. 1026 (1994)). "[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and the issues. Although the core/non-core distinction is not dispositive[,] it cuts against permissive withdrawal." *Alfonseca–Báez*, 376 B.R. at 75 (internal quotations omitted) (emphasis provided); *see Wiscovitch-Rentas v. Glaxosmithkline Puerto Rico, Inc.*, 539 B.R. 1, 3 (D.P.R. 2015).

## III.   Discussion

### A.   Mandatory Withdrawal

Plaintiffs bid for mandatory withdrawal of the reference is premised on their "contention" that their claims in the civil action, "if sustained," "will not be dischargeable in the bankruptcy case" because defendant's actions "caused willful and malicious injury." **ECF No. 1-3** at 3. The determination of their claims, they add, "will require consideration of both the federal laws regulating commerce and the Bankruptcy Code." *Id*. Since their claims in the Civil Action are centered on conduct that violates "RICO and the Lanham Act—both non-bankruptcy federal statutes—[they] thereby requir[e] mandatory withdrawal" of the reference by this Court. *Id*. at 12.[1]

However, this Court as well as sister courts within this District do not view the threshold for mandatory withdrawal of the reference so widely. Notwithstanding the mandatory element

of subsection 157(d), "[c]ourts have overwhelmingly construed this statute narrowly, because to do otherwise would eviscerate much of the work of the bankruptcy courts." *In re Corporación de Servicios Médico Hospitalarios de Fajardo*, 227 B.R. 763, 765 (D.P.R.1998). A narrow interpretation best serves the purpose of the mandatory withdrawal of the reference, which has been described as "to assure that only Article III Judges determine issues requiring more than a routine application of federal statutes outside the Bankruptcy code." *In re Ponce Marine Farm, Inc. v. Browner, E.P.A.*, 172 B.R. 722, 724 (D.P.R.1994).

Consequently, "mandatory withdrawal is proper only where resolution of the adversary proceeding involves substantial and material consideration of non-bankruptcy federal statutes." *Id* (citations omitted). For mandatory withdrawal to be required "non-code issues [must] dominate the bankruptcy issues." *Id*. That is, "**the mere presence of a non-[T]itle 11 issue, even if it is outcome-determinative**, does not require mandatory withdrawal." *Alfonseca–Báez*, 376 B.R. at 73 (citing *In the Matter of Vicars Insurance Agency, Inc.* 96 F. 3d 949, 953 (7th Cir. 1996)(emphasis added)). To interpret it otherwise would "create an escape hatch by which bankruptcy matters could easily be removed to the district court." *Fajardo*, 227 B.R. at 765.

Courts in this District have dismissed arguments very similar to the ones now purported by plaintiffs. For example, the plaintiff in *Alfonseca-Báez v. Doral Fin. Corp.* also contended that "mandatory withdrawal [was] required because the bankruptcy court would have to address a substantial non-bankruptcy issue in order to properly adjudicate [the] case." *Id*. at 74. However, following *Fajardo*, the *Alfonseca-Báez* court held that such considerations of non-bankruptcy law

were tangential and that the "real issue before the bankruptcy court is whether Doral's secured

claim against [p]laintiff is accurate or if it should be reduced. **Allowing or disallowing claims**

**against a bankruptcy estate is a core bankruptcy proceeding**." *Alfonseca-Báez,* 376 B.R. at 74

(emphasis added).

More recently, in *Resto-Feliciano v. DLJ Mortg. Capital, Inc., infra,* the Court refused to

withdraw the reference even though non-bankruptcy federal law claims were involved. In

denying the request for a mandatory withdrawal of the reference, the Court reasoned that the

non-bankruptcy federal law claims "d[id] not divest the bankruptcy court of jurisdiction because

they are 'related to' to the bankruptcy proceeding inasmuch as the ultimate outcome of those

claims will affect the bankruptcy estate." *Resto-Feliciano v. DLJ Mortg. Capital, Inc.,* Civil No. 20-

1562 (FAB), 2020 WL 7496421, at *6 (D.P.R. Dec. 21, 2020)(emphasis added)); *see also Matosantos*

*Com. Corp. v. Matosantos-Vallecillo,* 19-1610 (ADC)*,* 2020 WL 603898, at *5 (D.P.R. Feb. 7, 2020)

(finding that mandatory withdrawal was not warranted regardless of the fact that movant

pointed to several claims pursuant non-bankruptcy federal laws, which movant claimed were

"subject to the exclusive jurisdiction" of the District Court).

Here, the *Fajardo* escape-hatch-reasoning outlined above rings true and is particularly

relevant to the request at bar. As discussed before, plaintiffs plainly assert that because their civil

action claims are centered on "non-bankruptcy federal statutes," mandatory withdrawal

follows. However, if that were the case, all bankruptcy matters where a debtor files for relief

under the Bankruptcy Code (amid civil litigation involving federal law) would be subject to

automatic removal based on the § 157(d) mandatory language.  The automatization of the withdrawal of the reference would certainly alter the balance Bankruptcy Judges bring to the equation. "[W]ithout the distinguished service of these judicial colleagues, the work of the federal court system would grind nearly to a halt." *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015).

Moreover, the determination of the non-bankruptcy claims in this case will undoubtedly affect the bankruptcy estate and, even if arguably "outcome determinative," the presence of such claims "does not require mandatory withdrawal." *Alfonseca–Báez*, 376 B.R. at 73. Here, plaintiffs conceded that "all matters relating to the adjudication of the Claims" include the determination of the "amounts of the Claims, allowance or disallowance of the Claims against debtor's estate, dischargeability of the Claims, and the adjustment of the debtor-creditor relationship." **ECF No. 1-3** at 11. Notably, these actions, specifically "allowing or disallowing claims against the bankruptcy estate," were considered and accounted for by the *Alfonseca–Báez* court in determining that mandatory withdrawal was not warranted. *Id*. at 74.

Furthermore, contrary to plaintiffs' argument for mandatory withdrawal, which is supported by citations to out-of-circuit cases, the nature of their non-bankruptcy federal law claims is not dispositive here either. First, plaintiffs cite *In re Rubin Bros. Footwear, Inc.*, 73 B.R. 346, 350 (S.D.N.Y. 1987). **ECF No. 1-3** at 13. However, in that case the district court considered whether it should remand the case to the bankruptcy court, as opposed to **withdrawing** the reference. Second, *In re McCrory Corp.*, 160 B.R. 502 (S.D.N.Y. 1993) is also unpersuasive in as

much as it is easily distinguishable from the case at bar. Contrary to the facts of this case, in *In re McCrory Corp.*, "a Lanham Act action brought by debtor-plaintiff [], was an action **by** the debtor, and **not against it**. It did **not reflect an effort by a claimant to share in the assets of the estate. No bankruptcy issues were before the court**." *In re Adelphia Commun. Corp.*, 307 B.R. 404, 429 (Bankr. S.D.N.Y. 2004)(emphasis added).[2] Finally, the Court finds plaintiffs' reference to *In re Hartley*, 55 B.R. 781 (Bankr. N.D. Ohio 1985) of little weight—if any-- because in that case it was the bankruptcy court, not the district court (Article III Judge), ruling on the merits of the motion for withdrawal of the reference. Pursuant to 28 U.S.C.A. § 157, however, the determination of withdrawal of reference is for a "district court" to make.

Furthermore, the fact that the claims involved fall under the RICO and Lanham Acts alone is not enough for a mandatory withdrawal of the reference in this Circuit. *See In re Fiorillo*, 494 B.R. 119, 144, (Bankr. D. Mass. 2013)(district court denied a motion to withdraw the reference filed under the argument that the claims "involve[d] RICO counts, and because the parties have requested a jury trial and do not consent to its being conducted in the bankruptcy court." *Id*. at n.48); *In re Table Talk, Inc.*, 49 B.R. 485, 486 (Bankr. D. Mass. 1985)(the complaint included claims

---

[2] The Court also notes that elsewhere in their motion plaintiffs made reference to *In re Fischer*, 202 B.R. 341, 354 (E.D.N.Y. 1996). *See* **ECF No. 1-3** at 16. In that case, the Court did not entertain the idea of mandatory withdrawal. Also relevant is the fact that the *In re Fischer* court made its decision to permissively withdraw the reference once the case was under the district court's appellate review jurisdiction of the Bankruptcy Court order dismissing the case.

for violations of the "Lanham Act, 15 U.S.C. § 1051 *et seq*. and of the Copyright Act, 17 U.S.C. §

101 *et seq*.").

Accordingly, plaintiffs' arguments for mandatory withdrawal of the reference miss the

mark.

### B. Permissive withdrawal of the reference

Permissive withdrawal is interpreted narrowly since it is "used as a narrow exception to

the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court."

*Fajardo*, 227 B.R. 763, 765 (D.P.R.1998). The District Court has broad discretion to determine

"whether a case should be heard before the bankruptcy court or the district court." *Id*. The

movant bears the burden to prove that there is cause for the district court to withdraw the

reference. *Ponce*, 172 B.R. at 725 (D.P.R.1994). Accordingly, permissive withdrawal of reference

"may occur only for cause shown." *Fajardo*, 227 B.R. at 765. This District Court has also

considered "the goals of promoting uniformity in bankruptcy administration, reducing forum

shopping and confusion, fostering the economic use of the debtors' and creditors' resources, and

expediting the bankruptcy process." *Ponce*, 172 B.R. at 725 (D.P.R.1994).

Plaintiffs contend that permissive withdrawal is also proper in this case. **ECF No. 1-3** at

14-15, **6** at 2-5. They sustain that claims under the RICO and Lanham Acts "are non-core

proceedings" and that "other factors," such as the years of litigation accumulated in the Civil

Action, "all favor" the withdrawal. *Id*. at 15. Finally, plaintiffs aver that the Court should

withdraw the reference in the interest of judicial economy. *Id*. at 16.

Plaintiffs' arguments are unavailing. While the time dedicated to the Civil Action weighs in plaintiffs' favor, the fact remains that the most of "all matters relating to the adjudication of the Claims," as plaintiffs defines it, are core proceedings.[3] According to plaintiffs' assertions, the matters relating to the adjudication of the claims they seek to withdraw to district court include "amounts of the Claims, allowance or disallowance of the Claims against debtor's estate, dischargeability of the Claims, and the adjustment of the debtor-creditor relationship." **ECF No. 1-3** at 11. Core proceedings are right in the Bankruptcy Court's wheelhouse since Bankruptcy Judges "may hear and determine. . . and enter appropriate orders and judgments," subject to the district court's appellate review. 28 U.S.C. § 157(b)(1).

Moreover, in this Court's view, denying plaintiffs' request for withdrawal of the reference will promote uniformity in bankruptcy administration and foment efficiency. Matters within and related to the allowance of disallowance of claims, a determination as to whether or not the claims are dischargeable, and adjustments to the debtor-creditor relationship.

Finally, considering the totality of circumstances and the judicial efficiency in both district and bankruptcy proceedings, the reference to the Bankruptcy Court should not be withdrawn. As a matter of fact, on April 2, 2021, the Bankruptcy Court confirmed the Chapter 13 Plan. Consequently, as noted by plaintiffs, the Plan now requires defendant to "make a stream of payments over a five-year period." **ECF No. 10**.

---

[3] Plaintiffs do not dispute this fact. Rather, they correctly content that there are other factors for the Court to consider. **ECF No. 6.**

IV.     **CONCLUSION**

The motion to withdraw the reference, at **ECF Nos. 1, 1-3** and the motion at **ECF No. 3** are

**DENIED.** The informative motions at **ECF Nos. 4, 7, 8** are **NOTED**; the request for leave to reply

at **ECF No. 10** is **GRANTED**. The case is hereby **REMANDED** to the Bankruptcy Court.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 10th day of June 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**